```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  ALVAREZ v. COMMISSIONER OF
  SOCIAL SECURITY,                       1:17-cv-07422-NLH

                         Plaintiff,    **OPINION**

  v.

  NANCY A. BERRYHILL,
  COMMISSIONER OF SOCIAL
  SECURITY,
                         Defendant.


**APPEARANCES:**

ADRIENNE FREYA JARVIS
800 NORTH KINGS HIGHWAY
SUITE 304
CHERRY HILL, NJ 08034
     On behalf of Plaintiff

NAOMI B. MENDELSOHN
SOCIAL SECURITY ADMINISTRATION -- OFFICE OF GENERAL COUNSEL
REGION III
300 SPRING GARDEN STREET
SIXTH FLOOR
PHILADELPHIA, PA 19123
     On behalf of Defendant

**HILLMAN**, District Judge

    Presently before the Court is the motion of Defendant to

dismiss Plaintiff's amended complaint.[1]  Plaintiff claims that

---

[1] Plaintiff originally filed her complaint pro se and Defendant moved to dismiss. (Docket No. 12.) Around the same time, counsel for Plaintiff entered her appearance and filed an amended complaint. (Docket No. 15.) Defendant's first motion to dismiss is now moot and Defendant has moved to dismiss Plaintiff's amended complaint. (Docket No. 22.) The original basis for this Court's jurisdiction asserted by Plaintiff was Section 205(g) of the Social Security Act, as amended, 42

her procedural due process rights were violated when Defendant denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 401, et seq., and dismissed her request for a hearing as untimely. Plaintiff contends that she did not receive constitutionally required notice of her right to request a hearing after the initial denial because the initial denial is in English and Plaintiff is illiterate in English, and because the Social Security Administration ("SSA") repeatedly mailed correspondence to an incorrect, out-of-state address.

Plaintiff further contends that her procedural due process rights were violated when the SSA Appeals Council denied Plaintiff's request for review without first providing her with documents necessary for her to show that her request for hearing was timely or that she had good reason for filing her request for a hearing.

Defendant has requested that the Court dismiss without prejudice Plaintiff's amended complaint to permit an Administrative Law Judge ("ALJ") to determine, in the first instance, whether Plaintiff had good cause for failing to

---

U.S.C. § 405(g), but, as explained below, the proper jurisdictional basis for Plaintiff's action is 28 U.S.C. § 1331.

timely file her request for hearing.  Defendant argues that Plaintiff cannot presently allege a violation of her due process rights because the SSA intends to vacate the Appeals Council's denial and remand the matter to an ALJ to consider whether she had good cause for not timely filing her request for a hearing.[2] (Docket No. 22 at 2.)

In opposition, Plaintiff argues that: (1) Defendant has cited no Federal Rule of Civil Procedure or caselaw in support of her motion; (2) the Court should reject Defendant's suggestion that Plaintiff cannot proceed on her due process violation claims because Defendant will now undo the Appeals Council's action; and (3) Defendant fails to address Plaintiff's claims regarding the notices provided in English even though Plaintiff is illiterate in English.

The Court finds that Defendant's proposed plan is, in

---

[2] Defendant argues that if an ALJ finds that Plaintiff had good reasons for not timely filing her request for a hearing, Plaintiff will be given an opportunity for a hearing on the merits of her disability claim.  (Docket No. 22 at 2.)  Plaintiff counters that such relief is speculative.  The Court agrees.  This Court is not able to predict what an ALJ might do if the SSA vacates the Appeals Council's decision with a direction to reopen Plaintiff's disability hearing.  That having been said, this Court knows of no reason why the SSA could not unilaterally vacate the decision of the Appeals Council in order to allow Plaintiff to seek a hearing on the initial denial of benefits.  What impact such a decision would have on this case is a matter left for another day.

3

light of the current procedural posture of the case and the nature of Plaintiff's claims, insufficient to warrant dismissal of Plaintiff's claims for two reasons.[3]

First, Defendant's motion to dismiss does not articulate a legal basis to permit this Court to remand the action back to the SSA.  In fact, the Court is precluded from doing so because in this particular matter the Court does not sit as an appellate court reviewing a final agency decision.  Sections 405(g), (h) and 1383(c)(3) provide the exclusive jurisdictional basis for judicial review of Social Security cases.  42 U.S.C. §§ 405(g), (h) and 1383(c)(3).  Under these provisions, a Social Security claimant may seek a district court's review of the Commissioner's decision.  That decision, however, must be declared as "final" in order for a district court to have jurisdiction over the claimant's appeal.  See id.; see also 20 C.F.R. § 416.1400(a) (providing that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision).

Here, Plaintiff's request for a hearing was denied because

---

[3] The Court does not suggest (to the extent the Defendant does not act unilaterally, see *supra* note 2) that the parties cannot jointly agree to dismiss this matter without prejudice in order to allow the SSA to reexamine whether Plaintiff's request for a hearing was improperly denied.

her request was untimely, and Plaintiff therefore did not exhaust her administrative remedies and obtain a final decision by the Commissioner. Without having obtained a final decision, this Court does not have jurisdiction under 42 U.S.C. § 405(g) to review the SSA's finding that Plaintiff's request for a hearing was untimely. See Timmons v. Commissioner of Social Security, 719 F. App'x 162, 164 (3d Cir. 2017) (where the ALJ dismissed the claimant's hearing request for failure to show good cause for having missed the hearing, and no hearing was ever held, the court lacked jurisdiction under § 405(g) to review the disability determination because no "final decision" had been made) (citing Califano v. Sanders, 430 U.S. 99, 108 (1977) (section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision' of the [Commissioner] made after a hearing"); Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992) (per curiam) (holding that the district court lacked subject matter jurisdiction under § 405(g) where Social Security claimant, by refusing to attend scheduled ALJ hearing, failed to exhaust administrative remedies upon which judicial review depends)). Concomitantly, this Court does not have jurisdiction to remand Plaintiff's case to the SSA for consideration of that issue, as proposed by

Defendant, because the Court's ability to do so is premised on having jurisdiction under § 405(g) in the first place.[4]  See Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991) (explaining that under Sentence Four of 42 U.S.C. § 405(g), the court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing").

Second, Defendant's request to remand the case does not account for Plaintiff's constitutional claims.[5]  Plaintiff's due process claims against Defendant, which confer subject matter jurisdiction under 28 U.S.C. § 1331, are cognizable independent of any claims arising under 42 U.S.C. § 405(g).  See Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983) (explaining that §

---

[4] This is a double-edged sword to the extent that without a final decision from the SSA as to Plaintiff's claim for benefits this Court will have no occasion to address that issue *ab initio* in this proceeding.

[5] The Court does not find persuasive Defendant's argument that Plaintiff cannot maintain her due process violation claims because the SSA proposes to rewind the clock back to the point where the Appeals Council will consider whether Plaintiff had good cause for filing an untimely hearing request.  That proposal does not absolve the SSA of constitutional violations it may have originally committed, and it does not address Plaintiff's claims regarding improper notice due to her illiteracy in English.  As noted above, or as suggested, in footnotes 3 and 4 *supra*, both sides could benefit from a mutual agreement to dismiss this matter without prejudice to allow the administrative process to correct any errors that may have occurred.

405(g) did not act as a bar to the resolution of constitutional questions raised by the claimant when seeking review of the Secretary's decision because "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions," and finding that "judicial review was proper where the Secretary's decision to deny or discontinue social security benefits is challenged on constitutional grounds notwithstanding the absence of a prior administrative hearing"); id. (citing Parker v. Califano, 644 F.2d 1199, 1203 (6th Cir. 1981) ("It is axiomatic that Section 205(b) of the Social Security Act, 42 U.S.C. § 405(g), and due process require that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied.")); Timmons, 719 F. App'x at 164–65 (finding that the district court properly concluded that it lacked subject matter jurisdiction under § 405(g) because the denial of the plaintiff's benefits claim for an untimely request for a hearing was not a final decision, but finding that the district court erred by also dismissing the plaintiff's due process violations claims because those claims provided the court with subject matter jurisdiction under §

1331).

Consequently, the Court cannot dismiss Plaintiff's amended complaint and remand the matter as requested by Defendant because the Court does not have jurisdiction to review the SSA's actions under 42 U.S.C. § 405(g) since the SSA did not issue an appealable final decision.  Moreover, because Plaintiff's constitutional claims separately confer subject matter jurisdiction under 28 U.S.C. § 1331, and Defendant has not articulated a viable basis to dismiss Plaintiff's constitutional claims, the Court may not dismiss them.  An appropriate Order will be entered.


Date:  May 29, 2018                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.